IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Wendall Davenport,<br><br>        Plaintiff,<br><br>  vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>        Defendant. | Civil Action No. 6:12-220-RMG-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) DSC, concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

    The plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended (42 U.S.C. 405(g) and 1383(c)(3)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits under Title II of the Social Security Act.

    The plaintiff filed an application for disability insurance benefits on September 24, 2009, alleging that he became unable to work on December 8, 2008. The application was denied initially and on reconsideration by the Social Security Administration. On October 28, 2010, the plaintiff requested a hearing. The administrative law judge ("ALJ"), before whom the plaintiff and Arthur F. Schmitt, an impartial vocational expert, appeared on April 25, 2011, considered the case *de novo*, and on June 9, 2011, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. The ALJ's finding became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on December 2, 2011.

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff filed this action for judicial review on January 24, 2012. On August 3, 2012, the plaintiff filed a brief in support of his case. On September 11, 2012, the Commissioner moved this court to enter a judgment with an order of reversal and remand of the cause to the Commissioner for further administrative proceedings. Under sentence four of 42 U.S.C. § 405(g), the court has power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." *See Shalala v. Schaefer*, 509 U.S. 292, 296-98 (1993).

The Commissioner states in the motion for remand that, after additional consideration, further administrative action is necessary in this case. Accordingly, if the court grants the motion, the agency's Appeals Council will remand the case to an ALJ for a *de novo* hearing and a new decision on the plaintiff's application for disability insurance benefits. Specifically, the Commissioner states that the Appeals Council will instruct the ALJ to further evaluate the plaintiff's lumbar degenerative disease at step three of the sequential evaluation process and obtain the assistance of a medical expert if necessary. The plaintiff filed no opposition to the motion, and the Commissioner states in the motion that the plaintiff's attorney indicated he had no objection to the motion to remand if the order specifically directed the Appeals Council to remand the case to an ALJ for a *de novo* hearing.

For the foregoing reasons, it is recommended that the district court grant the Commissioner's motion to remand (doc. 17), the Commissioner's decision be reversed, and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

October 18, 2012
Greenville, South Carolina